■ ERNEST BROWNLEE, Respondent, v STATE OF NEW YORK, Appellant. [600 NYS2d 348] —Casey, J. Appeal from a judgment in favor of claimant, entered March 25, 1992, upon a decision of the Court of Claims (Quigley, J.).

Claimant commenced this action against the State to recover damages for injuries he sustained while he was an inmate in the State prison system. After trial, the Court of Claims concluded that claimant had failed to prove his case under the theory alleged in the claim, but had presented evidence which might establish liability under a different theory. The alternate theory was not pleaded in the claim and claimant made no motion to amend the claim, but the Court of Claims elected to amend the claim sua sponte to conform to the evidence.

The State was given the opportunity to submit further proof on the issue raised by the amended claim and the State promptly advised the court of its intention to present a defense to the new cause of action. The Court of Claims advised the State's attorney that the matter would be calendared for a continuation of the trial at which the State would be given the opportunity to submit evidence in support of its defense to the new cause of action. Nothing further occurred, however, until more than a year later when the court rendered a decision finding the State liable for claimant's injuries. Judgment in the amount of $7,000 was then entered

against the State. The State took an appeal from the judgment and also moved pursuant to CPLR 4404 (b) to vacate the judgment. The motion was denied on the ground that the Judge who rendered the judgment had retired.

The judgment must be reversed and the matter remitted for a continuation of the trial in accordance with the order which amended the claim. Having granted the State the option of presenting additional evidence on the new theory of liability, which the State elected to do, and having advised the parties that the matter would be calendared for a continuation of the trial, the Court of Claims clearly erred in granting judgment in claimant's favor instead of continuing the trial.

Weiss, P. J., Mercure and Mahoney, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Court of Claims for further proceedings not inconsistent with this Court's decision.